**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **CRYSTAL GAMINO**, *Individually, on behalf of herself and on behalf of others similarly situated*, | |
| Plaintiffs, | |
| v. | Case No. _____ |
| **AMERICAN CAR CENTER, LLC,** *a Tennessee Limited Liability Company,* **AMERICAN FINANCIAL, INC.,** *a Tennessee Corporation,* **RAC DEALERSHIP, LLC,** *a Delaware Limited Liability Company,* **RAC SERVICER, LLC,** *a Delaware Limited Liability Company,* | JURY TRIAL DEMANDED FLSA Opt-In Collective Action |
| Defendants. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Crystal Gamino ("Plaintiff"), individually, and on behalf of all other similarly situated hourly-paid employees known as Customer Account Support Specialists of American Car Center, LLC, American Financial, Inc., RAC Dealership, LLC and RAC Servicer, LLC (together, "American Car Center" or "Defendants"), by and through counsel, brings claims for overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against American Car Center. Plaintiff, upon information and belief and based upon the investigation made by counsel, allege as follows:

1

## I.     JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because American Car Center's headquarters is located in this District and American Car Center conducts business in this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## II.     PARTIES

3. Plaintiff Gamino has been, at all material times, a resident of Tennessee and worked as hourly-paid non-exempt Customer Account Support Specialist for Defendants at their headquarters and customer service center in Memphis, Tennessee during the three (3) year period immediately preceding the filing of this Collective Action Complaint (hereinafter "Violation Period"). Specifically, Plaintiff Gamino was employed by American Car Center as an hourly-paid nonexempt Customer Account Support Specialist from July 2020 until March 2022. Plaintiff Gamino's Consent to Join this Collective Action as the Named Representative Plaintiff is attached hereto as *Exhibit A*.

4. Plaintiff was an "employee" as defined by the FLSA and worked as an hourly-paid nonexempt Customer Account Support Specialist for American Car Center during the Violation Period.

5. Defendant American Car Center, LLC is a Tennessee limited liability company with its principal address being 6400 Winchester Road, Memphis, Tennessee 38115-8117.

American Car Center, LLC is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Bob Michael Shivers, Jr., 6400 Winchester Road, Memphis, Tennessee 38115-8117.

6. Defendant American Financial, Inc. is a Tennessee for-profit corporation with its principal address being 6400 Winchester Road, Memphis, Tennessee 38115-8117. American Financial, LLC is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Bob Michael Shivers, Jr., 6400 Winchester Road, Memphis, Tennessee 38115-8117.

7. Defendant RAC Dealership, LLC is a Delaware limited liability company with its principal address being 6400 Winchester Road, Memphis, Tennessee 38115-8117. RAC Dealership, LLC is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Noah Hogan, 6400 Winchester Road, Memphis, Tennessee 38115-8117.

8. Defendant RAC Servicer, LLC is a Delaware limited liability company with its principal address being 6400 Winchester Road, Memphis, Tennessee 38115-8117. RAC Servicer, LLC is an employer, as defined in 29 U.S.C. § 203(d) and can be served process via its registered agent: Bob Michael Shivers, 6400 Winchester Road, Memphis, Tennessee 38115-8117.

### III.   COVERAGE

9. The above-named Defendants operate a privately held, integrated automotive lease and financing business under the name American Car Center. According to their Team Member Handbook, American Car Center is focused on providing non-prime consumers high-quality, low mileage vehicles with an affordable structured lease program geared towards ownership. American Car Center operates a fully integrated platform for automobile lease

        financing that consists of vehicle acquisition, reconditioning, sales, underwriting and servicing. American Car Center was founded in 2000 and their headquarters is located at 6775 Lenox Center Court-First Floor, Memphis, Tennessee 38115.

10. Defendants are an integrated enterprise as that term is defined by 29 U.S.C. § 201(r) because their related activities which are performed through unified operations of common control are for a common business purpose.

11. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendants, were engaged in commerce during all times material to this collective action.

15. At all times material to this action, Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

16. At all times hereinafter mentioned, Plaintiff and those similarly situated have been

"employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

### IV.   FACTUAL BACKGROUND

17. American Car Center classified all putative class members as non-exempt under the FLSA and paid them an hourly rate. Plaintiffs shared the same or similar compensation and other work-related plans, policies and practices with the putative class.

18. Plaintiff and the putative class were typically scheduled to work at least forty (40) hours per week, but at times worked additional hours, including overtime hours in excess of forty (40) hours per week.

**American Car Center Did Not Properly Pay Their Covered Employees.**

19. Plaintiff and other similarly situated employees were not paid one-and one half time times their regular rate of pay for all time worked in excess of forty (40) hours per workweek, as required by the FLSA.

20. Plaintiff and other similarly situated employees received non-discretionary bonuses for meeting performance goals and quotas, however, these non-discretionary bonuses were not used in the calculation of the regular rate for the purposes of calculating the proper overtime rate of pay.[1]

21. The failure to include these non-discretionary bonuses in the calculation regular rates resulted in the underpayment of overtime payments. *See* 5 C.F.R. §551.514.

---

[1] Bonuses paid to Plaintiff and class members were based on a predetermined formula and included both individual or group production and performance bonuses.

22. Instead, American Car Center paid Plaintiff and other similarly situated employees one and one half (1½) times their regular *straight-time* rate of pay for all overtime hours worked. *See* Employee Handbook at Section "D.5 Overtime" attached as *Exhibit B*.

23. The net effect of American Car Center's common plan, policy and practice of failing to pay Plaintiff and other similarly situated employees all overtime pay, was a scheme to save payroll costs and payroll taxes for which American Car Center have unjustly enriched themselves and have enjoyed ill gained profits at the expense of Plaintiff and other similarly situated members of the class.

24. American Car Center's common plans, policies and practices of failing to compensate Plaintiff and other similarly situated covered employees for all overtime hours at the required overtime rate and therefore violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As a result of American Car Center's unlawful practices, they benefited from reduced labor and payroll costs.

25. As a result of American Car Center's improper and willful failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

## IV.    FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

27. The proposed collective class of similarly situated persons is defined as:

   All current and former Customer Account Support Specialists or similarly titled employees of American Car Center who worked at Defendants' headquarters in

        Memphis, Tennessee for at least one full workweek during the three (3) year period immediately preceding the filing of this Collective Action Complaint.

28. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to American Car Center's common plans, policies and practices of failing to pay them compensation at one-and one-half times their regular hourly rate of pay for all such overtime work in excess of forty (40) per week within weekly pay periods during the Violation Period.

29. American Car Center required, forced, induced, encouraged, expected and, suffered or permitted, Plaintiff and other similarly situated employees to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid all overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

30. American Car Center knew Plaintiff and other similarly situated employees' work, as described above, required additional overtime compensation to be paid them. Nonetheless, American Car Center operated under the aforementioned centralized and common plans, policies and practices (schemes) to deprive Plaintiff and other similarly situated covered employees of wages and overtime compensation as required by the FLSA.

31. Plaintiff believes the definition of the class could be further refined following discovery of American Car Center's records.

32. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

33. Plaintiff's claims are typical of the claims of the class. Plaintiff and the other members of the class who work or have worked for American Car Center are and were subject to its same and common operational, compensation and timekeeping plans, policies and practices, including American Car Center's common plan, policy and practice of miscalculating the overtime rates of pay.

34. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiff and other members of the class were expected, induced and/or required to work without being compensated at the necessary overtime rate of pay;

    - Whether American Car center suffered and permitted Plaintiff and other members of the class to work without being compensated at the necessary overtime rate of pay within weekly pay periods during the relevant statutory limitations' period;

    - The correct statutes of limitations;

    - Whether Plaintiff and other members of the class are entitled to damages from American Car Center, including but not limited to liquidated damages, and the measure of the damages; and,

    - Whether American Car Center is liable for interest, attorneys' interest, fees, and costs to Plaintiffs and other class members;

35. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, she has retained competent counsel who are experienced in FLSA collective action litigation.

36. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small

in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

37. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by American Car Center.

38. American Car Center's conduct, as alleged herein, was willful and has caused significant damage and loss of wages and overtime compensation to Plaintiff and other similarly situated covered employees. American Car Center lacked a good faith basis for their failure to pay Plaintiff and class members all overtime compensation lawfully due.

39. American Car Center is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated covered employees. Plaintiff request the Court to authorize notice to the members of the collective class, to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40. Plaintiff estimates there are approximately several hundred members of the collective class. The precise number of collective class members can be easily ascertained by using American Car Center's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in American Car Center's headquarters in Memphis, Tennessee.

## COUNT I

## COLLECTIVE ACTION VIOLATIONS

41. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

42. Plaintiff and other members of the class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

43. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

44. Plaintiff and other similarly situated employees of American Car Center regularly performed work duties without being compensated at the FLSA's required overtime rate during weekly pay periods of the Violation Period.

45. Through their common plans, policies, practices and actions, American Car Center violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all overtime hours worked at the appropriate rates.

46. The unpaid wage claims of Plaintiff and other similarly situated employees are unified through a common theory of FLSA violations.

47. The foregoing actions of American Car Center violated the FLSA.

48. American Car Center's actions were willful and not in good faith.

49. As a direct and proximate cause of American Car Center's unlawful conduct, Plaintiff and other similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

50. American Car Center is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class demand that the Court enter judgment in their favor on this Collective Action Complaint and:

a. Award judgment in favor of Plaintiff and other similarly situated employees against American Car Center for an amount equal to Plaintiff's and collective action members' unpaid back wages pursuant to the applicable wage and overtime rates;

b. For certification of and notice to the collective class as further defined and determined by motions practice;

c. Find and declare that American Car Center's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d. Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

e. Award prejudgment interest (to the extent that liquidated damages are not awarded);

f. Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by American Car Center, in accordance with the FLSA;

g.  Award post-judgment interest and court costs as further allowed by law;

h.  Provide additional general and equitable relief to which Plaintiff and the class may be entitled;

i.  Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 6, 2022.                        Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff
and those similarly situated*